# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEANNE CADENHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-1121-F |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Jeanne Cadenhead, seeks judicial review of the Social Security Administration's denial of disability insurance benefits (DIB) and supplemental security income (SSI). This matter has been referred by United States District Judge Stephen P. Friot for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Commissioner's decision be reversed and the matter remanded for further proceedings consistent with this Report and Recommendation.

## I.  Procedural Background

On April 13, 2012, Plaintiff protectively filed applications for DIB and SSI. AR 118-122, 123-129. The Social Security Administration (SSA) denied the applications initially and on reconsideration. AR 56-57, 59-60. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated April 25, 2014. AR 12-22. The Appeals Council denied Plaintiff's request for review. AR 1-6. Thus, the decision of the ALJ became the final decision of the Commissioner. Plaintiff seeks judicial review of this final agency decision.

## II.     The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluations process); *see also* 20 C.F.R. §§ 404.1520, 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date, April 16, 2011. AR 14.[1]

At step two, the ALJ determined that Plaintiff suffers from the following severe impairments: chronic obstructive pulmonary disease (COPD), obesity, bilateral peripheral vascular disease (PVD), and history of back, hip and knee pain. AR 14. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. pt.t 404, subpt. P, App. 1. AR 16-17. The ALJ "placed specific emphasis" on Listing 3.00, Respiratory System, Section 3.02, Chronic obstructive pulmonary disease and Listing 4.00, Cardiovascular System, Section 4.11, Chronic venus insufficiency. AR 17.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that she could perform sedentary work, occasionally lift and/or carry 10 pounds, frequently lift and/or carry up to 10 pounds, stand and/or walk at least 2 hours in a normal 8-hour workday, and sit at least 6 hours in a normal 8-hour workday, all with normal breaks. AR 17.[2]

At step four, the ALJ determined Plaintiff could perform past relevant work as a customer service representative (DOT 249.362-026), a sedentary, semi-skilled job with a specific

---

[1] The ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2015. AR 12, 14.

[2] *See* 20 C.F.R. §§ 404.1567(a), 416.967(a) (setting forth requirements for sedentary work).

vocational preparation (SVP) of 4. AR 22. Therefore, the ALJ concluded that Plaintiff was not disabled for purposes of the Social Security Act. *Id*.

## III. Claims Presented for Judicial Review

Plaintiff presents the following four claims for judicial review: (1) the ALJ failed to properly analyze the record at step three; (2) the ALJ failed to properly analyze the record for RFC; (3) the ALJ performed no pain analysis; and (4) the ALJ "gave great weight in the wrong way." For the reasons set forth below, Plaintiff's first claim has merit and requires a reversal of the Commissioner's decision and a remand of this matter for further administrative proceedings. Plaintiff's remaining claims, however, lack merit.

## IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not

reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## V. Analysis

### A. The ALJ's Step-Three Analysis

At step three, the ALJ stated that he had "placed specific emphasis" on Listing 3.02, Chronic obstructive pulmonary disease, and that upon "a review of the medical evidence . . . the objective evidence [did] not contain the criteria necessary to support" a finding that Plaintiff's impairments meet or equal the Listing. AR 17. The ALJ did not make specific citation to any medical evidence to support the step-three finding. *Id*. Nor did the ALJ specify which subparts of Listing 3.02 he considered. *Id*.

Plaintiff claims that a pulmonary function test conducted on January 13, 2013, "revealed listing level pulmonary function" and the ALJ erred because he "never even analyzed this evidence." *See* Pl.'s Brf. at p. 2 (*citing* AR 299). The Commissioner concedes that the January 2013 test "does appear to meet the applicable requirements" of Listing 3.02(A)[3] but "does not appear to meet the applicable requirements" of Listing 3.02(B).[4] *See* Def.'s Brf. at p. 3. The

---

[3] To meet or equal Listing 3.02(A), a claimant must show:

> Chronic obstructive pulmonary disease, due to any cause, with the $FEV_1$ [forced expiratory volume] equal to or less than the values specified in table I corresponding to the person's height without shoes.

20 C.F.R. pt. 404, subpt. P, App. 1, § 3.02(A).

[4] To meet or equal Listing 3.02(B), a claimant must show:

> Chronic restrictive ventilatory disease, due to any cause, with the FVC [forced vital capacity] equal to or less than the values specified in table II corresponding to the person's height without shoes.

*Id*., § 3.02(B).

4

Commissioner further concedes that testing performed in May 2013 appears to meet the applicable requirements of both Listing 3.02(A) and 3.02(B). *See id*. But the Commissioner contends the ALJ's step-three finding should be affirmed because the record does not include "documentation of the required reproducibility of results" as required by Listing 3.00(E).[5] As support, the Commissioner cites findings made by a state agency consultant, Dr. Lise Mungul, who determined the January and May 2013 tests were invalid due to a lack of reproducibility. *See id*. at pp. 3-4 (*citing* AR 307-308, 342, and 354). The ALJ's decision, however, is wholly silent with respect to Dr. Mungul's opinions.

The ALJ makes a single reference to the May 2013 pulmonary function test in the context of his RFC determination. He states: "A pulmonary function test performed by Kim Smith on May 8, 2013 showed the claimant's Prebronchodilator was forced Vital Capacity (FVC) 3.53 and FEVI was 2.81; Post-bronchodilator FVC 3.53, and FEVI was 2.81 (Exhibit 23F)." AR 19. Also in the context of his RFC determination, the ALJ states: "[a] pulmonary function test performed June 20, 2011 showed the claimant's oxygen saturation was 96% (Exhibit 3F page 5)." *Id*. Because the ALJ summarized this evidence solely in the context of his RFC determination, the record fails to demonstrate how these test results relate, if at all, to his step-three findings.[6]

It is well-established that "[i]n the absence of ALJ findings supported by specific weighing of the evidence, [the court] cannot assess whether relevant evidence adequately

---

[5] The results of pulmonary function studies must be "reproducible," as shown by specific criteria, to satisfy these Listings. *See* 20 C.F.R. pt. 404, subpt. P, App. 1, § 3.00(E).

[6] Moreover, as to the May 2013 pulmonary function test, the ALJ cited the *predicted* $FEV_1$ and FVC results and not the actual test results which are the governing criteria for Listings 3.02(A) and 3.02(B). Without any other discussion of the evidence it is impossible to definitively know, but it appears the ALJ relied on the wrong numbers in assessing whether Plaintiff satisfied these Listings.

supports the ALJ's conclusion that [Plaintiff's] impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). Due to the lack of step-three findings and specific weighing of the evidence a remand is required.

In reaching this result, the Court rejects the Commissioner's reliance on *Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005) where the Tenth Circuit explained that *Clifton's* holding does not require reversal "where an ALJ provides *detailed findings* . . . that confirm rejection of the listings in a manner readily reviewable . . . ." *Id*. at 734 (emphasis added). In *Fischer-Ross*, the ALJ's RFC findings at steps four and five "clearly reject[ed] any notion" that the claimant suffered from a listing-level impairment. *Id*. Such is not the case here. Instead, here, as in *Clifton*, the ALJ's findings are scant rendering unavailable any meaningful review of the evidence. Moreover, this Court cannot make findings on judicial review that must be made, in the first instance, by the ALJ. *Compare Henderson v. Astrue*, 383 F. App'x 700, 702 (10th Cir. 2010) (distinguishing *Fischer-Ross* from *Clifton* and finding a remand was required where the ALJ "failed to discuss the particular evidence on which he relied and explain why he reached his decision at step three;" only "summarily concluded that, 'as borne out in the description of the medical evidence' set forth in the decision" the claimant did not meet the requirements of Listing 1.04; and "[t]he ALJ's discussion of the medical evidence . . . [was] at best equivocal in terms of showing whether" the claimant satisfied the applicable listing). Thus, if a lack of reproducibility is a proper basis for finding Plaintiff does not meet any listing, that finding must be made, in the first instance, by the ALJ. And, if the finding by Dr. Mungul serves as proper support, the ALJ must specifically discuss that medical opinion evidence and the weight given to it. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). The Court expresses no opinion as to whether Plaintiff's COPD

meets a listing. Rather, on remand, the ALJ must consider all of the relevant medical evidence, including proper analysis of the pulmonary function tests, and make specific findings as to whether Plaintiff's COPD meets a listing.

**B.     The ALJ's RFC Analysis**

The ALJ found Plaintiff had an RFC for sedentary work with no additional limitations. *See* AR at 17.  Plaintiff contends this was error because the ALJ should have included mental limitations resulting from her depression and additional physical limitations resulting from her chest pain.

**1.     Limitations Due to Depression**

In support of this claim, Plaintiff relies on findings by Dr. J. Ronald Cruse, a state agency consultative examiner. *See* Pl.'s Brf. at p. 5; *see also* AR 309-313 (Mental Status Exam by Dr. Cruse). Specifically, Plaintiff references Dr. Cruse's conclusions that Plaintiff is a "sad individual" with cognitive problems and that Plaintiff's "[o]ccupational functioning has been severely impaired for 2 years." AR 312.

At step two, the ALJ found that Plaintiff's depression was not severe. AR 14, 15. The ALJ summarized Dr. Cruse's mental status exam but made no express findings based upon the exam. AR 15. Instead, the ALJ appeared to rely primarily on the findings of a non-examining psychologist who opined that Plaintiff is mildly limited in activities of daily living, social functioning and maintaining concentration, persistence and pace. AR 15 (*citing* Exhibit 27). The psychologist further opined that Plaintiff's "allegations are not fully supported by medical evidence in file" and that "her limitations appear mild in nature" and are "non-severe." AR 372. The ALJ made additional findings based on Plaintiff's function reports and other evidence to

7

conclude that Plaintiff was mildly limited in daily living, social functioning and concentration, persistence or pace. AR 15-16.

The ALJ's step-two finding that Plaintiff's depression is not severe is supported by substantial evidence. *See generally* 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1)("If we rate the degree of your limitation in the first three areas as 'none' or 'mild' and 'none' in the fourth area we will generally conclude that your impairment(s) is not severe . . . ."). Notably, Dr. Cruse did not rate Plaintiff's functional limitations with respect to her mental impairments and nothing Plaintiff references in support of her claim is inconsistent with the ALJ's step-two finding.

Even though the ALJ found Plaintiff's depression was not severe, the ALJ was still required to consider the depression at step four in crafting the RFC. *See* 20 C.F.R. §§ 404.1545, 416.945; *see also Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013). The ALJ did so, finding that "none of the claimant's treating physicians *or psychologists* placed any functional restrictions on activities that would preclude work activity with the above-noted [RFC]." *See* AR 21 (emphasis added). The ALJ's decision adequately supports his RFC determination that did not include any mental limitations. And Plaintiff fails to cite any specific mental functional limitations that should have been included in the RFC. *Cf. Ray v. Colvin*, -- F. App'x --, No. 15-2149, 2016 WL 3974052 at *2 (10th Cir. July 20, 2016) ("Absent an argument that the RFC is not based upon substantial evidence, we are left only with Ms. Ray's proposition that the ALJ erred in omitting her non-severe impairments from the RFC. Having discovered that, in assessing the RFC, the ALJ addressed and considered these impairments as well as Ms. Ray's fatigue, it is clear that the ALJ complied with the applicable regulations."); *see also Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (stating that the ALJ's hypothetical questions "must

include all (and only) those impairments borne out by the evidentiary record"). Under these circumstances, Plaintiff's claim fails.

## 2. Limitations Due to Chest Pain

Plaintiff also claims the ALJ "never addressed [her] chest pain." *See* Pl.'s Brf. at p. 5. Plaintiff cites findings of Dr. Jim L. Burke, a consultative examiner. *See id*. (*citing* AR 298). The ALJ did summarize Dr. Burke's findings in making his RFC determination, *see* AR 19, but did not specifically reference his findings regarding Plaintiff's complaints of chest pain. Dr. Burke completed a form headed "Description of Chest Discomfort" on January 9, 2013. AR 298. Dr. Burke stated on the form that three times in the past year, Plaintiff experienced sharp and stabbing pain precipitated by walking, climbing stairs or stress that lasted 15-20 minutes in duration. *Id*.[7] He further stated that Plaintiff was "stable" when "[e]xplain[ing] any change in pattern of discomfort." *Id*. Plaintiff fails to demonstrate how this finding affected the RFC determination or what additional functional limitations would have been required by this finding that were not adequately accommodated for by the limitation to sedentary work.

## C. The ALJ's Pain Analysis

Plaintiff next claims the ALJ "performed no pain analysis." *See* Pl's Brf. at p. 6. Plaintiff does not develop this argument in a manner that allows meaningful judicial review. Plaintiff states "this ALJ mentioned some negative credibility points, but even then made

---

[7] Plaintiff extrapolates from this the following: "The ALJ did not even limit the stairs *like Dr. Burke said*." *See* Pl.'s Brf. at p. 5. Plaintiff misrepresents the record by suggesting that Dr. Burke included in his medical opinion a functional limitation restricting Plaintiff from climbing stairs. No such functional limitation, however, was made by Dr. Burke. Plaintiff's counsel has been warned about making such "misrepresentations of the record." *See Kirkpatrick v. Colvin*, -- F. App'x --, No. 15-6223, 2016 WL 5920745 at *3 n. 2 (10th Cir. Oct. 11, 2016) (warning Plaintiff's counsel, Miles L. Mitzner, that the court "doesn't favorably view arguments based on misrepresentations of the record" and that "similar misrepresentations in future cases may result in his referral to a disciplinary panel") (citations omitted).

9

assumptions that she was caring for small children, but he never asked that question or ascertained what her role was in their care." *Id*. at p. 7. The ALJ did not, however, make "assumptions" that Plaintiff was caring for young children. Instead, the ALJ relied on Plaintiff's Adult Function Report and a Cooperative Disability Investigation interview where Plaintiff reported that "she drives her van daily to pick up and drop off her five grandchildren." AR 16. The ALJ also cited statements made by Plaintiff to medical providers concerning the care of her grandchildren. AR 21.[8] Without further development, Plaintiff's claim of error lacks merit. And, to the extent Plaintiff repeats her assertion that the ALJ failed to consider the three incidents of chest pain Plaintiff experienced over a period of one year, as set forth in the form completed by Dr. Burke, again, Plaintiff fails to demonstrate how this evidence renders erroneous the ALJ's RFC determination. *Compare Alarid v. Colvin*, 590 F. App'x 789, 798 (10th Cir. 2014) (addressing claim that ALJ failed to consider claimant's "allegation of lower-extremity numbness," noting that "[n]o separate diagnosis was made, nor was any treatment ordered for this condition" and underscoring that claimant "fail[ed] to show how consideration of this alleged impairment would have resulted in any change in the ALJ's RFC assessment") (*citing Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1161–63, 1165 (10th Cir. 2012) (any error in ALJ's

---

[8] One of the doctors completed a form "clearing" Plaintiff to serve as a foster parent. AR 232.

failure to weigh medical opinions was harmless when ALJ's RFC assessment was generally consistent with opinions)). Plaintiff's claim, therefore, lacks merit.[9]

D. **The ALJ's Weighing of the Medical Evidence**

As her final claim of error, Plaintiff contends that "[t]he ALJ gave great weight to the agency doctor's [sic] and did not assign weight to the CE opinions at all which were at odds with the agency opinion as shown above, the ALJ opinion and his errant RFC." *See* Pl.'s Brf. at p. 7. Plaintiff follows this statement with a recitation of law governing how the Commissioner is to address medical opinion evidence. Plaintiff then claims that: "[t]he ALJ listed information from the CE opinions in several places in his decision" but the ALJ "doesn't say" the weight given to these opinions. *Id*. at p. 8. Plaintiff fails, however, to develop this claim of error. She does not identify any particular medical opinion that supports the claim or develop how the failure to identify the weight given to a particular medical opinion has resulted in error. Plaintiff must do more than merely "suggest dissatisfaction" or hint at a potential error in the ALJ's analysis. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994). This Court will not develop arguments on Plaintiff's behalf or attempt to speculate as to what errors Plaintiff might be attempting to identify. *See id; see also Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003).

---

[9] Plaintiff also claims that because COPD is a severe impairment, the ALJ should have included additional restrictions in the RFC "normally" included with this impairment such as "limitations to dust, fumes, gases, and environmental's like heat and cold." *See* Pl.'s Brf. at p. 5. Plaintiff does not cite medical or other evidence to support including these restrictions in her RFC. Additionally, Plaintiff does not address whether her past relevant work would expose her to such conditions. Plaintiff's failure to develop this argument is, alone, a proper ground for its denial. *See* discussion infra. In any event, due to the recommended step-three remand the ALJ will be required to re-examine the medical evidence regarding Plaintiff's COPD and at that time can further consider, if necessary, whether her COPD warrants additional limitations in the RFC.

## VI. Conclusion

It is recommended that this matter be remanded for proper consideration of Plaintiff's COPD at step three. As stated, the Court expresses no opinion as to whether Plaintiff's COPD meets a listing but remands the matter so that the ALJ can make proper findings supported by specific citation to the medical evidence including analysis of the pulmonary function testing. If Plaintiff's COPD does not meet a listing, the ALJ should consider whether any additional functional limitations should be included in the RFC based on Plaintiff's COPD. For the reasons set forth, Plaintiff's remaining claims of error lack merit.

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and the matter remanded for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by January 3, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 19th day of December, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE